PIERCE, Judge.
This is an appeal from an order denying a motion for post-conviction relief under CrPR 1.850, 33 F.S.A.
Information was filed in the Hardee County Circuit Court charging appellant Biggs with breaking and entering a dwelling house in Ft. Green, Florida, with felonious intent to steal personal property of the value of more than $100.00.
The official minutes of the Court affirmatively show that Biggs “very definitely stated to Mr. Darty [State Attorney] and to Judge Love [presiding Judge] he did not wish to have an attorney, the Public Defender offered his service and defendant stated again in the negative, and entered a plea of guilty”. He was thereupon adjudged guilty and sentenced to a term in the State Prison.
One month later he filed in the trial Court a motion to vacate the judgment and sentence under former Rule 1, contending that due process of law was denied him because he was not “advised of his right to remain silent and of his right to have counsel present”, that he was “not properly *282 arrainged on the charges against him, nor was he taken before a judge or magistrate and properly charged with a crime at the time of his arrest”, that he was “denied counsel at every stage of the proceeding prior to his sentenceing”, that he was held in jail for 12 days without counsel and during said interim was questioned by the “Chief Deputy, by a newspaper reporter”, and by other county sheriffs or their deputies and was “loaned out to DeSoto County, Henry [sic] County and questioned about crimes in said counties”, and that a reporter for a Wauchula newspaper ran a feature story “concerning petitioners past record and of charges against him”. Three subsequent motions for “cancellation of conviction” were filed on January 20, 1968, October 31, 1968, and March 4, 1970, but they add nothing to the “allegations” in the motion to vacate sentence, the substance of which we have just explored.
On March 20, 1970, the Circuit Judge entered order denying the motion for relief, finding “from the record in this cause” that Biggs had pleaded guilty on December 2, 1963, that he was an adult, that he was a high school graduate, that he was not unfamiliar with criminal procedure because at the time of sentence he already stood convicted for a crime in Hillsborough County, and that he was “offered and declined the services of the public defender”.
CrPR 1.850, under which Biggs’ motions were filed, expressly denies relief to a petitioner if “the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief”. The certified minutes of the Court, which are included in the record filed here, show that at the time of pleading guilty and being sentenced, he was 23 years old, that he stated to the Trial Judge and also the State Attorney that he “did not wish to have an attorney”, that the local Public Defender offered his services as attorney to him but that Biggs “stated again in the negative” and thereupon entered his guilty plea. Thus, “the files and records of the case” affirmatively disclose that Biggs is not entitled to relief.
Affirmed.
LILES, Acting C. J., concurs.
MANN, J., dissents with opinion.