400 So.2d 1 (1981)
Charles Kenneth FOSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 60636.
Supreme Court of Florida.
May 28, 1981.
*2 Richard H. Burr, III, Nashville, Tenn., and Stephen L. Seliger, Florida Clearinghouse on Criminal Justice, Tallahassee, Florida, for appellant.
Jim Smith, Atty. Gen., and Gregory C. Smith, Asst. Atty. Gen., Tallahassee, Florida, for appellee.
ADKINS, Justice.
This is an appeal from an order denying Charles Kenneth Foster's motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant requested an evidentiary hearing on his motion and a stay of execution pending disposition thereof. The trial judge denied the motion for post-conviction relief without an evidentiary hearing and denied the application for stay of execution. Foster has also filed a motion for stay of execution in this Court.
After reviewing the record and hearing oral argument, we deny the motion for stay of execution and affirm the order of the trial judge denying the motion for post-conviction relief without an evidentiary hearing.
The appellant was convicted of murder in the first degree and robbery on October 4, 1975, and sentenced to death upon the conviction for murder in the first degree. He was also sentenced to life imprisonment upon conviction for robbery. Upon appeal, this Court affirmed both of appellant's convictions and sentences on February 22, 1979, and denied rehearing on May 10, 1979. Foster v. State, 369 So.2d 928 (Fla. 1979). On October 1, 1979, appellant's petition for certiorari was denied by the Supreme Court of the United States. On May 5, 1981, the governor of the state of Florida signed a death warrant for appellant requiring his *3 execution on June 3, 1981. On May 12, 1981, the motion for post-conviction relief was filed in the trial court.
Appellant has argued that there are two issues which require evidentiary hearing: the ineffective assistance of counsel and the claim that appellant was incompetent during the course of the trial. Appellant says that counsel was ineffective in that he failed to investigate medical records which were readily available and failed to investigate the existence of expert witnesses who could testify as to appellant's mental incompetency. Appellant also argued that his attorney advised him improperly about the consequences of a plea of not guilty by reason of insanity in that his counsel advised him that he would spend the rest of his life in the "nuthouse" if this defense should prevail. Appellant also argues that his counsel should have noticed the incompetency of the appellant at the trial. He alleges that he was taking a prescription drug, valium, during the trial and this drug made him incompetent. Appellant also argues that he was, in fact, incompetent during trial and this was an additional reason for an evidentiary hearing.
Even though it may appear, upon an examination, that a motion for post-conviction relief is sufficient, it should be summarily denied if the files and records in the case conclusively refute the allegations or otherwise conclusively preclude relief. Lawson v. State, 231 So.2d 205 (Fla. 1970); State v. Reynolds, 238 So.2d 598 (Fla. 1970).
It appears from the face of the motion that the matters relating to the competency of the appellant did not constitute relevant evidence of insanity which could be introduced during the guilt phase of the trial. This evidence would not require the submission of the insanity issue to the jury. See Grisson v. State, 237 So.2d 57 (Fla. 3d DCA 1970); Campbell v. State, 227 So.2d 873 (Fla. 1969); Dampier v. State, 180 So.2d 183 (Fla. 1st DCA 1965). The trial judge found appellant competent to stand trial and observed his conduct during the trial. The record conclusively shows that this assertion of incompetency during the trial is without merit.
The record discloses the following dialogue out of the presence of the jury when appellant was called as a witness:
BY MR. MAYO:
Q. Your name is Charles Kenneth Foster?
A. Yes sir.
Q. Are you commonly called Kenny?
A. Yes sir.
Q. Kenny, we are out of the presence of the jury and I have discussed this aspect with you, it that correct?
A. Yes sir.
Q. Prior to this time have you been advised that the three psychiatrists and the Court has ruled that you are presently competent to stand trial and that you are competent to aid in the preparation of your defense?
A. Yes sir.
Q. Is it true that both counsel that are present in the court have discussed many times with you your various defenses?
A. Yes sir.
Q. And did we also discuss with you the possibility of the defense of insanity at the time of the crime, not presently, but at the time of the crime?
A. Yes sir.
Q. Did you direct us to prepare a defense other than that?
A. Yes, I did.
Q. Did we also discuss with you the possibility of a defense in which we would attempt to reduce the degree of the offense to second degree?
A. Yes sir.
Q. Did you advise your counsel to prepare a defense other than that?
A. Yes, I did.
Q. Is it your desire to take the stand in the presence of the jury and give your version of the alleged offense?
Appellant, during his subsequent testimony, confessed his guilt from the witness stand. At that moment his counsel requested a recess and requested the court to determine *4 the sanity or competency of the appellant at that time as well as his sanity at the time of the murder.
During the penalty phase counsel effectively introduced evidence of appellant's past psychiatric treatment through the testimony of his wife. One psychiatrist was called, but appellant now complains that the interrogation of the psychiatrist was faulty. Appellant says counsel should have focused the examination toward a psychiatric evaluation by the doctor. This was a matter of judgment, and we cannot fault the attorney for presenting evidence in "lay language" through the wife's testimony instead of "doctor language" through the doctor's testimony.
Defense counsel, during the penalty phase, introduced into evidence the written report of Committee Finding Incompetency and a petition for involuntary hospitalization and hospitalization certificate containing a diagnosis in each instance. By following this tactic, the attorney gave the jury the opportunity of reading a written exhibit instead of attempting to remember technical oral testimony.
The trial court properly instructed the jury that "the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired" was a mitigating factor. Also, before sentencing appellant, the trial judge considered three psychiatric reports which had been prepared on the question of appellant's competency to stand trial. Appellant's counsel, in closing argument, stressed this mitigating factor. In our opinion he handled this problem as a professional advocate and should not be faulted.
A conviction is presumed to be valid. Therefore, when ineffective assistance of counsel is asserted, the burden is on the person seeking collateral relief to specifically allege and establish the grounds for relief and to establish whether these grounds resulted in prejudice to that person. Meeks v. State, 382 So.2d 673, 675 (Fla. 1980). The appellant has failed to carry this burden.
Applying the standards set forth in Knight v. State, 394 So.2d 997 (Fla. 1981), we find that the trial attorney has provided reasonably effective assistance of counsel to Foster.
Appellant claims that the motion for post-conviction relief should be granted because this Court allegedly reviewed material, in connection with the appeal, which was unknown to appellant. This is not a ground which is contemplated as proper for post-conviction motion. Florida Rule of Criminal Procedure 3.850 authorizes the use of this procedure by a prisoner claiming the right to be released on the ground that the judgment was entered or that sentence was imposed in violation of the constitution or laws of the United States or of the state of Florida, or that the court was without jurisdiction to enter such judgment or to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or that his plea was given involuntarily, or the judgment or sentence is otherwise subject to collateral attack. In other words, the motion to vacate under Florida Rule of Criminal Procedure 3.850 must be directed to the judgment and sentence of the trial court. Under no interpretation of this rule can any action of the Florida Supreme Court be reviewed. Furthermore, treating the claim as a petition for writ of habeas corpus, this issue was settled in Brown v. Wainwright, 392 So.2d 1327 (Fla. 1981).
The appellant has presented other issues which were raised on direct appeal, or could have been raised on direct appeal. It is well settled that issues raised and disposed of on direct appeal, as well as those issues which could have and should have been raised on direct appeal, are not the proper subject matter for a post-conviction motion. Witt v. State, 387 So.2d 922 (Fla.) cert. denied, ___ U.S. ___, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980); Spinkelink v. State, 350 So.2d 85 (Fla.) cert. denied, 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977); State v. Matera, 266 So.2d 661 (Fla. 1972).
*5 We therefore affirm the order of the trial judge denying the motion for post-conviction relief and deny appellant's motion for stay of execution.
No petition for rehearing will be entertained.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON and ALDERMAN, JJ., concur.
McDonald, J., dissents with an opinion.
ENGLAND, J., dissents.
McDONALD, Justice, dissenting.
I would grant a stay of execution and direct the trial judge to afford the defendant an opportunity to present evidence that the jury and the trial judge were insufficiently apprised of the "mental mitigating factors" set forth in section 921.141(6).[*]
In State v. Dixon, 283 So.2d 1, 10 (Fla. 1973), we stated that
[m]ental disturbance which interferes with but does not obviate the defendant's knowledge of right and wrong may also be considered as a mitigating circumstance. Like subsection (b), this circumstance is provided to protect that person who, while legally answerable for his actions, may be deserving of some mitigation of sentence because of his mental state.
This distinction is fine, but one goes to the guilt while the other may affect the sentence. While I am satisfied that the record clearly demonstrates that there was no error in the handling of the guilt phase of Foster's trial, when it comes to the sentencing phase, the picture becomes sufficiently blurred to require an evidentiary hearing under the formula set forth in Meeks v. State, 382 So.2d 673 (Fla. 1980), as modified by Knight v. State, 394 So.2d 997 (Fla. 1981).
NOTES
[*] The legislature has provided three "mental mitigating factors" in § 921.141(6).

(b) The capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance.
(e) The defendant acted under extreme duress or under the substantial domination of another person.
(f) The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired.