404 So.2d 157 (1981)
Michael Joseph BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-982.
District Court of Appeal of Florida, Fifth District.
September 23, 1981.
Michael Joseph Brown, pro se.
No appearance for appellee.
DAUKSCH, Chief Judge.
In a most comprehensive Order the trial judge determined this appellant was not entitled to relief under Rule 3.850, Florida Rules of Criminal Procedure. Would it that all such orders were so well done. We quote in full and affirm the order.
ORDER
The "Motion for Post Conviction Relief", as authorized and provided for under Rule 3.850 of the Florida Rules of Criminal Procedure, as filed by the above-named *158 Defendant, this day coming to the attention of the Court and in a review of the motion and the files and records in this case, the Court finds that the same conclusively show that the Defendant is entitled to no relief on the following findings based thereon:
(1) Defendant's conviction herein is presumed to be valid. Meeks v. State, 382 So.2d 673, 675 (Fla. 1980).
(2) The allegations of Paragraph One through Four and Paragraph Nine were or could have been raised on direct appeal and thus will not support a collateral attack. Adams v. State, 380 So.2d 423 (Fla. 1980). As to grounds three and nine, defendant's allegations concerning the admissibility of his confession and the Court's formal charges to the jury were assignments of error raised on direct appeal. Brown v. State, 321 So.2d 637 (First District Court of Appeal, 1975). (See a copy of Assignments Of Error attached hereto and made a part hereof.) As to grounds one, four and part of ground seven, Defendant's competency for trial was determined by the Court on January 3, 1974, pursuant to two psychiatric evaluations and a hearing. (See a copy of Order of determination of competency attached hereto and made a part hereof.) Further, Rule 3.214 of the Florida Rules of Criminal Procedure provides that a Defendant who is determined to be competent to stand trial is not automatically deemed incompetent because his satisfactory mental condition is dependent upon medication. As to ground two, the jury found the Defendant guilty as charged to the exclusion of every reasonable doubt, specifically, rejecting a verdict of not guilty by reason of insanity. The jury determination is subject for direct appeal, not collateral attack. Adams v. State, supra.

(3) Defendant has failed to make a prima facie showing that his counsel failed to render reasonably effective assistance of counsel to his prejudice, as required by Meeks v. State, 382 So.2d 673 (Fla. 1980). Whether to make a motion for change of venue is a judgment matter not subject to collateral attack. Stallings v. State, 319 So.2d 640 (First District Court of Appeal, 1975). Certainly, Defendant's allegation does not show "judgment so irresponsibly exercised as to constitute inadequate representation." Mauldin v. State, 382 So.2d 844 (First District Court of Appeal, 1980). The alleged omission of counsel was not substantial and no prejudice was shown. Washington v. State, 397 So.2d 285 (Fla. 1980).
(4) Defendant's allegation that the Court erred in not sequestering jury is a mere assertion, nothing more than a conclusion of the Defendant unsubstantiated by his motion and the records and files of the case.
(5) Defendant does not allege that the State knowingly used perjured testimony, nor did Defendant support his allegations that perjured testimony was used with substantiating documentary evidence or affidavits, as required. Fuller v. Wainwright, 238 So.2d 65 (Fla. 1970); Stringer v. State, 246 So.2d 136 137 (Fourth District Court of Appeal, 1971); Conyers v. State, 215 So.2d 616 (Third District Court of Appeal, 1968).
(6) Defendant does not allege, nor do the record and files show, any actual prejudice to the Defendant other than his conviction and sentence. Defendant's motion does not allege, nor do the records and files indicate that a different result could have been reached. Evidence of Defendant's guilt was overwhelming, including a detailed confession freely and voluntarily given, the voluntariness of said confession having been reviewed and affirmed by the First District Court on direct appeal. Brown v. State, 321 So.2d 637 (First District Court of Appeal, 1975). See copy of Opinion and Mandate attached hereto and made a part hereof.
Therefore, upon full consideration and review of Defendant's motion and the records and files in this cause, the Court finds that said motion, records and files conclusively refute those claims of the Defendant which could constitute grounds for relief, and it is not necessary *159 or proper that an evidentiary hearing be held herein; the Court hereby advises the Defendant that he has the right to appeal this Order within thirty (30) days from the date hereof; and the Court being fully advised in the premises, it is therefore,
ORDERED and ADJUDGED that Defendant's "Motion For Post Conviction Relief", dated November 5, 1979, be and the same is hereby denied.
DONE and ORDERED in Chambers at Deland, Volusia County, Florida, this 16th day of July, A.D., 1981.
 /s/ Uriel Blount, Jr. 
 Uriel Blount, Jr.,
 Circuit Judge
AFFIRMED.
SHARP and COWART, JJ., concur.