404 So.2d 407 (1981)
Arthur Lee FERBY, Appellant,
v.
STATE of Florida, Appellee.
No. 81-455.
District Court of Appeal of Florida, Fifth District.
October 7, 1981.
*408 Arthur Lee Ferby, pro se.
No appearance for appellee.
COWART, Judge.
This is an appeal under Florida Rule of Appellate Procedure 9.140(g) from the summary denial of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Most of the motion relates to matters which were either reviewed or were reviewable by the direct appeal taken from the judgment following the trial of this case, Ferby v. State, 381 So.2d 785 (Fla. 5th DCA 1980), and are not matters which are proper grounds for ancillary post-conviction relief. See Powell v. State, 244 So.2d 746 (Fla. 1st DCA 1971); Brown v. State, 227 So.2d 527 (Fla. 1st DCA 1969), appeal dismissed, 237 So.2d 175 (Fla. 1970). Included in this category is appellant's complaint about rulings of the trial judge relating to the admissibility of certain evidence, see, e.g., Nelson v. State, 281 So.2d 49 (Fla. 3d DCA 1973); Whitlow v. State, 256 So.2d 48 (Fla. 2d DCA 1971); and the sufficiency of the evidence. See, e.g., Robinson v. State, 194 So.2d 29 (Fla. 2d DCA 1967); Brooks v. State, 188 So.2d 883 (Fla. 4th DCA), cert. denied, 192 So.2d 496 (Fla. 1966).
The defendant claims he was inadequately and ineffectually represented by his trial counsel of record because his counsel: did not call his codefendant and other witnesses to testify; failed to take depositions; failed to properly cross-examine witnesses; and failed to object to the admissibility of certain evidence. These matters are within the judgment and strategy of trial counsel and are not a proper ground for complaint or relief. See, e.g., Fuller v. Wainwright, 238 So.2d 65 (Fla. 1970) (failure to call witnesses on behalf of defense is within discretion of trial counsel); Brown v. State, 404 So.2d 157 (Fla. 5th DCA 1981); Ables v. State, 404 So.2d 137 (Fla. 5th DCA 1981) (failure to talk to or subpoena alleged witnesses was facially insufficient where motion did not allege what prospective testimony would have been); Mauldin v. State, 382 So.2d 844 (Fla. 1st DCA 1980) (failure to have appellant see a psychiatrist and to call the doctor as a witness was discretionary act of trial counsel); Powell v. State, 244 So.2d 746 (Fla. 1st DCA 1971) (number of witnesses called on behalf of defense and extent of examination and cross-examination are matters within the discretion of the attorney); Meinsen v. State, 240 So.2d 188 (Fla. 2d DCA 1970), cert. denied, 245 So.2d 86 (Fla. 1971); Biggs v. State, 239 So.2d 281 (Fla. 2d DCA 1970); Solloa v. State, 227 So.2d 217 (Fla. 3d DCA 1969). Since the points raised in this case are resolvable as a matter of law without the necessity of taking evidence as to facts, the record conclusively shows that appellant is entitled to no relief and therefore the order denying relief is
AFFIRMED.
COBB, J., concurs.
SHARP, J., concurs in result only.