409 So.2d 528 (1982)
Willie Lee McNEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 82-59.
District Court of Appeal of Florida, Fifth District.
February 10, 1982.
Willie Lee McNeal, pro se.
No appearance for appellee.
COWART, Judge.
In his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief appellant claimed the denial of his constitutional right to the effective assistance of counsel during his trial for the *529 capital crime of first degree murder because his counsel, in summation to the jury, argued that, at most and at best, the one and only logical result of the State's evidence was proof of manslaughter. The jury rejected this argument and convicted appellant of first degree murder, which conviction was affirmed on appeal. Now appellant turns on his trial counsel, citing federal cases and cases from other states where courts have from hindsight second-guessed counsel's judgment and unsuccessful trial strategy and declared that in doing or not doing some act, defense counsel abdicated his function and his client's cause. We do not think courts should review any specific discretionary or judgmental act or position of trial counsel, whether tactical or strategic, on an inquiry as to effectiveness of counsel. See Baker v. State, 404 So.2d 1151 (Fla. 5th DCA 1981); Ferby v. State, 404 So.2d 407 (Fla. 5th DCA 1981); Brown v. State, 404 So.2d 157 (Fla. 5th DCA 1981); Ables v. State, 404 So.2d 137 (Fla. 5th DCA 1981).
When faced with the duty of attempting to avoid the consequences of overwhelming evidence of the commission of an atrocious crime, such as a deliberate, considered killing without the remotest legal justification or excuse, it is commonly considered a good trial strategy for a defense counsel to make some halfway concessions to the truth in order to give the appearance of reasonableness and candor and to thereby gain credibility and jury acceptance of some more important position. To be effectual, trial counsel should be able to do this without express approval of his client[1] and without risk of being branded as being professionally ineffective because others may have different judgment or less experience.
AFFIRMED.
FRANK D. UPCHURCH and SHARP, JJ., concur.
NOTES
[1] A trial is always a matter of calculated risks  the lawyer makes the calculations  the client takes the risks.