426 So.2d 533 (1982)
Askari Abdullah MUHAMMAD, formerly Known As Thomas Knight, Appellant,
v.
STATE of Florida, Appellee.
No. 61454.
Supreme Court of Florida.
December 16, 1982.
Rehearing Denied March 2, 1983.
*535 Susan Cary, Gainesville, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Askari Abdullah Muhammad, formerly known as Thomas Knight, appeals the denial without a hearing of his motion to vacate judgment and sentence filed pursuant to Florida Rule of Criminal Procedure 3.850. Since we find that the motion and the files and records in the case conclusively show that appellant is not entitled to relief, we affirm the trial court's action denying the motion without an evidentiary hearing. See Foster v. State, 400 So.2d 1 (Fla. 1981); Meeks v. State, 382 So.2d 673 (Fla. 1980); Graham v. State, 372 So.2d 1363 (Fla. 1979).
Appellant was convicted of two counts of first-degree murder and was sentenced to death. He appealed, and this Court affirmed the convictions and sentences. Knight v. State, 338 So.2d 201 (Fla. 1976). Later appellant filed a petition for a writ of habeas corpus with this Court, alleging ineffective assistance of appellate counsel. In that case we announced a set of standards for evaluating a claim of denial of effective assistance of counsel and, applying the standards, we denied the petition. Knight v. State, 394 So.2d 997 (Fla. 1981).
Appellant then filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Florida, raising several federal constitutional questions. The federal district court found that appellant had exhausted possible state remedies as to all the questions raised except for his assertion that he had received ineffective assistance of counsel at his trial. The district court entered an order retaining jurisdiction for the purpose of continuing a previously entered stay of execution provided appellant should promptly seek available state remedies on his claim. Knight v. Wainwright, 399 So.2d 1143 (S.D. Fla. 1981).
Appellant then filed the instant Rule 3.850 motion with the court in which he was tried and sentenced. The motion stated nine grounds for relief. The court ordered the parties to submit memoranda on the question of the need for an evidentiary hearing on the issue of denial of effective assistance of trial counsel, but summarily ruled against appellant on the remaining eight grounds. After considering the arguments of the parties, the court found that an evidentiary hearing was not necessary and denied the motion to vacate judgment and sentence.
In the present appeal appellant challenges the summary denial of his motion for post-conviction relief. There is little question that eight of the nine grounds appellant raised were properly denied without a hearing. If the motion and the record and files of the case conclusively show that the movant is not entitled to relief, the motion may be denied without an evidentiary hearing. Foster v. State, 400 So.2d 1 (Fla. 1981).
Two of the grounds of the motion  that appellant was denied a fair trial by an impartial jury and that he had a right to *536 notice of whether the state would prosecute on the ground of premeditation or felony murder  were raised and decided adversely to appellant in his initial appeal. See Knight v. State, 338 So.2d 201 (Fla. 1976). Two other grounds  that the trial court failed to instruct the jury on the underlying felony of the felony murder charge and that appellant was denied the right to effective appellate review  were decided adversely to appellant when he sought a writ of habeas corpus from this Court, Knight v. State, 394 So.2d 997 (Fla. 1981), and will not be reconsidered now. Two other grounds  that the court erred in excluding the testimony of a defense witness and erred in failing to instruct the jury on the consequences of a verdict of not guilty by reason of insanity  are issues that could have been raised on the initial appeal and are therefore not proper matters to be considered on a motion for post-conviction relief. See Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980); Sullivan v. State, 372 So.2d 938 (Fla. 1979). Two other issues raised by the motion  that the sentence of death is an arbitrary application of the death penalty law and that capital punishment is imposed on black offenders in a racially discriminatory manner  may be summarily rejected on their merits. Thomas v. State, 421 So.2d 160 (Fla. 1982); Spinkellink v. Wainwright, 578 F.2d 582 (5th Cir.1978), cert. denied, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979).
The remaining ground put forth by the motion is the allegation that appellant was deprived of the right to effective assistance of counsel at his trial. There are four requirements that such a motion must meet in order for appellant to be entitled to relief:
First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading.
Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel. As was explained by Judge Leventhal in [United States v. Decoster] Decoster III: "To be `below average' is not enough, for that is self evidently the case half the time. The standard of shortfall is necessarily subjective, but it cannot be established merely by showing that counsel's acts or omissions deviated from a checklist of standards." 624 F.2d 196 at 215. We recognize that in applying this standard, death penalty cases are different, and consequently the performance of counsel must be judged in light of these circumstances.
Third, the defendant has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. In the case of appellate counsel, this means the deficiency must concern an issue which is error affecting the outcome, not simply harmless error. This requirement that a defendant has the burden to show prejudice is the rule in the majority of other jurisdictions.
Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has an opportunity to rebut these assertions by showing beyond a reasonable doubt that there was no prejudice in fact. This opportunity to rebut applies even if a constitutional violation has been established.
Knight v. State, 394 So.2d at 1001 (footnote omitted). The court below considered appellant's allegations in light of the above-quoted requirements and provided a detailed written analysis of the contentions. Assuming, for purposes of argument on the motion, that the allegations were true, the court nevertheless concluded:
A. The allegations of the motion, either singly or as a whole, do not allege an egregious incompetency, falling measurably below that which might be expected from an ordinary fallible lawyer, or probably prejudicial;

*537 B. The allegations, even if proved, would not demonstrate that the alleged deficiencies likely deprived defendant of an otherwise available, substantial ground of defense;
C. The file and records of the case conclusively show that defendant's trial counsel was reasonably to render [sic] and did render reasonably effective counsel based on the totality of the circumstances;
D. The motion and the files and records of the case conclusively show that the defendant is entitled to no relief... .
The motion presented numerous asserted specific acts or omissions which appellant says constituted deficiencies in his trial counsel's performance. Regarding the problem of pretrial publicity, appellant says that his trial lawyer failed to adequately present evidence of prejudicial publicity, failed to preserve the record for appeal of the denial of the motion for change of venue, and failed to request individualized, sequestered examination of prospective jurors. As we held in the original appeal, however, the crucial issue is not the amount of publicity but whether the accused is tried by a jury of impartial, indifferent jurors. Knight v. State, 338 So.2d 201, 203 (Fla. 1976). The record shows that trial defense counsel did present evidence of pretrial publicity in support of the motion for change of venue. The denial of the motion for change of venue was reviewed and affirmed on appeal. Id. The record also shows that defense counsel questioned prospective jurors extensively regarding any influence the pretrial publicity may have had on them. With reference to the charge that defense counsel omitted to request sequestered and individual examination of prospective jurors, "it must be recognized that the methods of jury voir dire are subjective and individualistic." Meeks v. State, 418 So.2d 987, 988 (Fla. 1982). We do not find counsel's choice of tactics on this matter to have been a deficiency measurably below the standard expected. See Lewis v. State, 398 So.2d 432 (Fla. 1981); Washington v. State, 397 So.2d 285 (Fla. 1981); McNeal v. State, 409 So.2d 528 (Fla. 5th DCA), rev. denied, 413 So.2d 876 (Fla. 1982). Regarding the assertion that defense counsel failed to preserve the record for appeal of the denial of the motion for change of venue, neither the motion for post-conviction relief nor the appellant's brief is sufficiently definite about what the specific act or omission is.
The next deficiency appellant asserts is that counsel failed to adequately investigate, prepare, and present evidence concerning appellant's psychiatric problems. The failure, appellant contends, prejudiced him at both the guilt and penalty phases of the trial. Appellant alleges that counsel did not learn about a psychological examination conducted by Dr. David Rothenberg until a few days before trial, failed to present evidence of the abusive behavior of appellant's father during his childhood and the effect on appellant's personality, and failed to fully prepare Dr. Rothenberg to testify. In finding that counsel had fully and adequately presented an insanity defense, the judge below relied upon his own recollection of what occurred at the trial. See Friedman v. United States, 588 F.2d 1010 (5th Cir.1979); Farrow v. United States, 580 F.2d 1339 (9th Cir.1978); Panico v. United States, 412 F.2d 1151 (2d Cir.1969), cert. denied, 397 U.S. 921, 90 S.Ct. 901, 25 L.Ed.2d 102 (1970). In its order the trial court said:
Dr. Rothenberg testified at the trial for more than a day, as shown by approximately 300 pages of testimony, concerning his several examinations of defendant, tests given to defendant, together with his findings and opinions. Nowhere in his extensive testimony does Dr. Rothenberg give the slightest hint that he lacked and "needed" background information about defendant or his family; nor copies of reports of the State's expert witnesses; nor that he was handicapped by lack of access to tapes of his interviews with defendant. As a matter of fact, he testified in a very positive manner concerning his opinion that defendant was not competent at the time of the *538 murders, and gave lengthy reasons for his opinion. He referred to copious notes that he had taken. He even testified that he did not need to hear the tapes to refresh his recollection, although the tapes were played during his testimony and he testified concerning them.
Defense attorney Meadows interrogated Dr. Rothenberg thoroughly and knowledgably. This was no matter of course, ho-hum interrogation. A reading of the transcript makes it obvious that Mr. Meadows had thoroughly prepared the examination of the psychologist.
Since the record supports the trial court's conclusions, we agree that defense counsel was not ineffective in this respect. See Foster v. State, 400 So.2d 1 (Fla. 1981); Washington v. State, 397 So.2d 285 (Fla. 1981); Alvord v. State, 396 So.2d 184 (Fla. 1981).
Appellant's next contention regarding ineffectiveness of counsel is that his lawyer failed to object to improper jury instructions at the guilt and penalty phases of the trial. Appellant says that his lawyer was deficient in failing to request an instruction upon the elements of the underlying felony. However, we have already held that there was sufficient proof of premeditation. Knight v. State, 338 So.2d at 204. Therefore the omission of the instruction was not error and the omission of an objection thereto was not a deficiency. Appellant also contends that counsel was defective in not requesting an instruction on the consequences of a verdict of not guilty by reason of insanity. A defendant's right to such an instruction had not yet been established at the time of appellant's trial. See Roberts v. State, 335 So.2d 285 (Fla. 1976). Therefore appellant's argument places upon defense lawyers the duty of anticipating changes in the law and is without merit. See Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); Alvord v. State, 396 So.2d 184 (Fla. 1981); Knight v. State, 394 So.2d 997 (Fla. 1981); Meeks v. State, 382 So.2d 673 (Fla. 1980). With regard to the remaining assertions of ineffectiveness in failure to request jury instructions, appellant has failed to show that he was entitled to receive the instructions in question. Since appellant was not entitled to receive the instructions, trial counsel cannot be judged deficient for not requesting them.
Appellant next argues that defense counsel was ineffective at the sentencing phase of the trial in that he did not present evidence of nonstatutory mitigating considerations based on appellant's character and background. This contention is without merit. It presupposes that counsel was expected to predict the decision in Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). See Ford v. State, 407 So.2d 907 (Fla. 1981).
Finally, appellant argues that his lawyer was ineffective in not objecting to certain remarks made by the prosecutor in closing argument which appellant says were improper. After reviewing the record, we find that none of the remarks were so improper and prejudicial as to have required declaring a mistrial. In such instances, an attorney may decide that it is better not to object to the remark and ask for a curative instruction, because to do so would only further call the jury's attention to the improper remarks. Whether to object is a matter of trial tactics which are left to the discretion of the attorney so long as his performance is within the range of what is expected of reasonably competent counsel. We therefore find no deficiency in trial counsel's not objecting to the prosecutor's remarks. See generally Washington v. State, 397 So.2d 285 (Fla. 1981); McNeal v. State, 409 So.2d 528 (Fla. 5th DCA), rev. denied, 413 So.2d 876 (Fla. 1982); Ferby v. State, 404 So.2d 407 (Fla. 5th DCA 1981).
In conclusion, we agree with the trial court that appellant, even if he had proved all the factual allegations of his motion, would have been unable to establish that any act or omission of his trial counsel was a substantial deficiency measurably below the standard of performance expected of competent counsel. Since the motion and the record conclusively showed that appellant was entitled to no relief, the trial judge *539 was correct in denying the motion without holding an evidentiary hearing. The court's order is therefore affirmed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD and EHRLICH, JJ., concur.
McDONALD, Justice, dissenting:
"I feel that there are sufficient allegations which are not rebutted by the record to require an evidentiary hearing on the claim of ineffective assistance of counsel in the sentencing phase."
OVERTON, J., dissents and concurs with McDONALD, J.