425 So.2d 4 (1983)
Timothy Charles PALMES, Appellant,
v.
STATE of Florida, Appellee.
No. 62770.
Supreme Court of Florida.
January 6, 1983.
*5 Thomas B. McCoun of Louderback, McCoun & Helinger, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from a circuit court order denying a motion to vacate judgment and sentence filed under Florida Rule of Criminal Procedure 3.850. Appellant is a prisoner under sentence of death imposed upon a judgment of conviction of murder in the first degree. We have jurisdiction.
Appellant previously appealed his conviction and sentence of death. This Court affirmed both. Palmes v. State, 397 So.2d 648 (Fla. 1981). The United States Supreme Court denied further review. Palmes v. Florida, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981).
In this appeal from the denial of the motion to vacate appellant raises the following issues: (1) whether his incriminating statements should have been excluded from evidence on the ground that they were the product of an illegal arrest; (2) whether prospective jurors were excused for cause at trial because of scruples or conscientious concerns about the imposition of the death penalty; (3) whether the prosecutor at the trial made improper comments pertaining to the defendant's exercise of his right to remain silent; (4) whether appellant was denied a fair trial by the conduct of certain jurors who allegedly formed and expressed opinions concerning guilt before hearing all the evidence; (5) whether the death penalty law is arbitrary as applied in that appellant's death sentence is a misapplication of that law; and (6) whether appellant was deprived of the effective assistance of legal counsel prior to and during his trial.
*6 Issues (1), (2), (3), and (4) above are not properly raised by a motion to vacate under Rule 3.850. They are all issues which either could have been, should have been, or were raised and decided on appeal. See, e.g., Meeks v. State, 382 So.2d 673 (Fla. 1980); Adams v. State, 380 So.2d 423 (Fla. 1980); Henry v. State, 377 So.2d 692 (Fla. 1979); Sullivan v. State, 372 So.2d 938 (Fla. 1979); Spenkelink v. State, 350 So.2d 85 (Fla.), cert. denied, 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977); see also Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).
As was set out above, appellant argues that the sentencing statute has been arbitrarily applied in his case and that his sentence is a misapplication of that statute. We conclude as a matter of law that this contention is without merit. The statute, as we have already held by the affirmance of the sentence, was correctly followed. Measured by the applicable standards, the sentence imposed was the appropriate sentence under the circumstances.
Appellant's contention that he received ineffective assistance of counsel at his trial may be presented by a motion to vacate under Rule 3.850. Smith v. State, 400 So.2d 956, 959 (Fla. 1981); Meeks v. State, 382 So.2d 673 (Fla. 1980). Appellant claims first that the public defender, who was appointed to represent him at his first appearance hearing, improperly failed to render legal assistance to appellant during his interrogations. Appellant contends that if the public defender had communicated with him and offered legal counsel at that time he would not have made the incriminating statements that were later used in evidence. In affirming the judgment and sentence, we found that the public defender was formally appointed at the advisory hearing but that thereafter appellant waived his right of counsel. This finding was made in connection with the conclusion that there was no impropriety in police officers' interviewing appellant after his indictment without notifying the public defender. We noted that appellant himself requested the interview at which he provided a detailed statement. Since we have already concluded that appellant's interrogation did not violate his fifth or sixth amendment rights, we decline to now hold that appellant had a constitutional right to have the formally appointed public defender initiate communication with him when he at no time during his interrogation invoked his right to consult with counsel.
Appellant's next assertion of ineffectiveness of counsel refers to the performance of the lawyer who was appointed appellant's counsel at his arraignment. Appellant argues that his counsel was ineffective in failing to raise, as a ground for suppression of his incriminating statements, the contention that appellant's arrest in California was illegal. Defense counsel did move to suppress the statements, but not on the ground that the arrest was illegal. At the hearing below, the lawyer who defended appellant at trial testified that he believed the arrest to have been legal. An attorney should raise any honestly debatable issue that may aid his client's position, but he is not obligated to raise every conceivable issue, and certainly not when he regards the argument as futile because of its lack of merit. Furthermore, even if the arrest in California had been illegal, this would not have automatically compelled the conclusion that appellant's statements made several days later in the Duval County jail, after indictment, were excludable from evidence. See Taylor v. Alabama, ___ U.S. ___, 102 S.Ct. 2664, 73 L.Ed.2d 314 (1982); Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). The statements, as we concluded in deciding the initial appeal, were freely and voluntarily made after Miranda warnings. We therefore conclude that the omission of a challenge to the statements as the fruit of an illegal arrest was not a substantial deficiency, measurably below the standard of performance expected of competent attorneys. See Knight v. State, 394 So.2d 997 (Fla. 1981).
Next, appellant argues that defense counsel provided ineffective assistance *7 when he did not object to the dismissal for cause of several prospective jurors who expressed views in opposition to capital punishment. The record of the trial and the testimony of the defense lawyer below show that defense counsel did not simply overlook or ignore the issues of juror qualifications as affected by attitudes toward capital punishment, as appellant now charges. Rather, the excusals were not objected to because they were not legally objectionable. See Smith v. Balkcom, 660 F.2d 573 (5th Cir.1981). Therefore there was no substantial deficiency based on this omission. Knight v. State, 394 So.2d 997 (Fla. 1981).
Finally, appellant argues that defense counsel was deficient for failing to object to comments of the prosecutor which appellant says related to appellant's exercise of his right to remain silent. At the hearing below defense counsel testified that he had looked at the transcript showing the comments in question and that he concluded that the reason he did not object was because the comments were neither improper nor prejudicial to his client. We note that at trial appellant testified in his own defense. The record of the trial shows that the comments in question were not objectionable and therefore the failure to object cannot be deemed a substantial deficiency.
Therefore, the order of the circuit court denying the motion to vacate judgment and sentence is affirmed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.