442 So.2d 217 (1983)
Charles Mallory VAUGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 63561.
Supreme Court of Florida.
December 8, 1983.
*218 Wm. J. Sheppard, Elizabeth L. White and Steven H. Malone of the Law Offices of Wm. J. Sheppard, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before the Court on appeal from a circuit court order denying Vaught's motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Vaught is a state prisoner under sentence of death. The Governor of Florida has issued a warrant for execution of the sentence.
Vaught's conviction of first-degree murder and his sentence of death were previously appealed to this Court. We affirmed both the conviction and sentence. Vaught v. State, 410 So.2d 147 (Fla. 1982).
Vaught's motion for post-conviction relief raised several claims, the main one being that he received ineffective assistance of counsel at his trial resulting in a denial of due process of law. The state moved to dismiss the motion on the ground of laches. In his order the trial judge found that laches provided valid grounds for dismissal of the motion, but he also considered the motion on its merits and found that the trial record conclusively showed that Vaught was entitled to no relief. Accordingly, the court denied the motion without an evidentiary hearing.
Before the trial judge and in its brief the state has argued that Vaught failed to pursue his 3.850 claims with due diligence, that the state has been prejudiced because Vaught's trial attorney died and is, therefore, unavailable to rebut or explain the matters forming the basis for the ineffective assistance of counsel claim, and, thus, that the claim should be dismissed because of laches. The record refutes this argument. Vaught's privately retained counsel died in 1979. At that time, under Florida law, one could not contest the competency of privately retained counsel. Cappetta v. Wainwright, 203 So.2d 609 (Fla. 1967). The right to do so was not recognized until our decision in Vagner v. Wainwright, 398 So.2d 448 (Fla. *219 1981). Vaught argued his appeal on January 8, 1979, but we did not finally affirm his conviction and sentence until March 8, 1982. He filed for clemency in October of 1982, and his 3.850 motion was sworn to in March 1983 and filed on April 15, 1983, nine days after the Governor signed his death warrant. These circumstances do not justify dismissal on the grounds of laches.
The court also denied Vaught's motion for post-conviction relief without an evidentiary hearing on the alternative ground that "the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief." Fla.R. Crim.P. 3.850. Because the numerous assertions of trial counsel's ineffectiveness were related to matters found in many parts of the record, the trial judge simply incorporated by reference the entire trial transcript into his order denying relief without a hearing. We find no error in this. See Raulerson v. State, 420 So.2d 567 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 3752, 77 L.Ed.2d 1412 (1983). We disagree, however, that the transcript conclusively demonstrates that Vaught is entitled to no relief.
Vaught alleged a pattern of claimed egregious and blatant incompetence on the part of trial counsel and numerous omissions in counsel's performance which resulted in his inability to competently represent Vaught at trial and sentencing. In accordance with the requirements of law, he also made specific allegations establishing the prejudicial impact of counsel's performance on the trial proceedings. These included a failure to conduct pretrial preparation, research, and investigation and concluded with a claim of failure to present available mitigating evidence. While the trial errors may appear in the record, these omissions do not.
Neither do we feel that the record negates a claim of prejudice. Our case of Muhammad v. State, 426 So.2d 533 (Fla. 1982), does not mandate a contrary result. In Muhammad we held that the factual allegations contained in the motion, even if proven, were insufficient to establish a claim of ineffective assistance of counsel. We cannot make that finding here.
Vaught was prepared to present evidence that at the time of trial his counsel was an inept lawyer. He sought to demonstrate that general ineptness by showing specific omissions and commissions that likely affected his conviction and sentence. The trial judge should have given him an audience.
We reverse the order dismissing the petition with instructions to conduct an evidentiary hearing on Vaught's claims. The stay of execution temporarily granted by this Court remains in effect.
It is so ordered.
ALDERMAN, C.J., and OVERTON, McDONALD and SHAW, JJ., concur.
BOYD, J., dissents with an opinion, with which EHRLICH, J., concurs.
ADKINS, J., dissents.
BOYD, Justice, dissenting.
Although I agree that the denial of an evidentiary hearing was not justified on the ground of laches, I believe the alternative ground that the motion and record conclusively showed that appellant was entitled to no relief constituted a sufficient basis for denial of the motion without an evidentiary hearing. I therefore dissent to the reversal of the trial court's order.
My review of the record of the original trial has revealed that the asserted instances of incompetency actually relate to matters of trial strategy and tactics. The representation given to appellant by his trial counsel was within the range of competence demanded of attorneys in capital cases. An examination of those portions of the trial transcript where the asserted deficient acts or omissions or their prejudicial effects are said to be found reveals that the charges of incompetency are without substance. The trial court was therefore correct in ruling that appellant has failed to show any specific acts or omissions amounting to serious deficiencies measurably *220 below the expected standard of competence and which could have affected the outcome of the trial or sentencing proceeding. See, e.g., Palmes v. State, 425 So.2d 4 (Fla. 1983); Muhammad v. State, 426 So.2d 533 (Fla. 1982); Francois v. State, 423 So.2d 357 (Fla. 1982); Straight v. Wainwright, 422 So.2d 827 (Fla. 1982); Thomas v. State, 421 So.2d 160 (Fla. 1982); Ruffin v. State, 420 So.2d 591 (Fla. 1982); Songer v. State, 419 So.2d 1044 (Fla. 1982).
The order denying appellant's motion should be affirmed and the stay of execution lifted.
EHRLICH, J., concurs.