447 So.2d 442 (1984)
Floyd G. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1416.
District Court of Appeal of Florida, Fifth District.
March 22, 1984.
Susan Cary of Florida Institutional Legal Services, Inc., Gainesville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
COBB, Judge.
The appellant filed a 3.850 motion to vacate in the trial court, claiming ineffective assistance of counsel based on various grounds. On appeal, we initially reversed the trial court's denial of an evidentiary hearing in regard to trial counsel's failure to challenge the admission of evidence which may have contravened the "Williams Rule;"[1] but we affirmed in regard to the other grounds set out in the motion.
The appellant has moved for rehearing, which we grant. Our initial opinion was predicated upon this court's prior holding in Ferby v. State, 404 So.2d 407 (Fla. 5th DCA 1981). To the extent that Ferby appeared to hold, as a matter of law, that failure to conduct pretrial investigation is permissible trial strategy, it has been superseded by subsequent opinions of the Florida Supreme Court and of this court. See Vaught v. State, 442 So.2d 217 (Fla. 1983); McMillian v. State, 411 So.2d 1372 (Fla. 5th DCA 1982). Indeed, even when it first appeared, Ferby was in conflict with prior opinions from this court[2] and from the Florida Supreme Court.[3]
The recent Vaught opinion concerned a 3.850 allegation of incompetent counsel supported, inter alia, by a specific allegation of prejudice resulting from a failure to conduct pretrial preparation. The trial *443 judge incorporated by reference the entire trial transcript in his order denying relief without a hearing. There is no error in this procedure. Vaught at 219. See also Raulerson v. State, 420 So.2d 567 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 3572, 77 L.Ed.2d 1412 (1983). In the instant case, there was no attachment of any portion of the files or record nor incorporation by reference. In Vaught, the court reversed the order and remanded for an evidentiary hearing, noting that the trial transcript did not negate the allegation pertaining to the omission in regard to trial preparation.
In Meeks v. State, 382 So.2d 673 (Fla. 1980), the appellant filed a 3.850 motion seeking relief on the basis, inter alia, that his court-appointed counsel did not render effective assistance of counsel at trial, at the sentence hearing, or on appeal. In support of this claim, the appellant alleged "a number of specific instances of his trial counsel's failure to act...." The Florida Supreme Court noted that the burden is on the person seeking collateral relief to specifically allege the grounds for relief  i.e., grounds showing that the appellant was deprived of reasonably effective counsel based on the totality of the circumstances. The Meeks opinion then states:
Pursuant to a rule 3.850 motion, a prisoner is entitled to an evidentiary hearing unless the motion and the files and records in the case conclusively show that he is entitled to no relief. If the prisoner raises a matter that may properly be considered in a rule 3.850 motion, the trial judge reviewing the motion must either attach that portion of the case file or record which conclusively shows that the prisoner is entitled to no relief or grant an evidentiary hearing. (Citations omitted.)
Id. at 676.
In the instant case, the motion was denied without hearing and without attachment of any portion of the case file or record, despite recitation by the trial judge that he had reviewed the entire record as a basis for summarily denying the motion. Despite an inconsistency in the motion itself in regard to whether there was no pretrial investigation or insufficient investigation, there were specific allegations, as required by Meeks, indicating that facts could (and should) have been discovered via pretrial preparation in regard to impeachment of the two "victims,"[4] their reputation for violence,[5] and a witness who saw both victims with the defendant on the night in question at a time when the state contended he was alone with only one of them. These omissions, if true, could be found to be substantial and prejudicial[6] since the crux of the trial was the credibility clash between the defendant's version of the facts and that of the two victims.
Accordingly, we grant rehearing, vacate our original opinion, and remand for the trial court to either attach appropriate portions of the record as required by the rule, or to conduct an evidentiary hearing based on the "Williams Rule" problem and the question of the pretrial preparation in determining whether or not there was ineffective assistance of counsel based on the criteria set out in Knight v. State, 394 So.2d 997 (Fla. 1981).
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[2] E.g., Young v. State, 397 So.2d 1159 (Fla. 5th DCA 1981); Battle v. State, 388 So.2d 1323 (Fla. 5th DCA 1980); Gunn v. State, 378 So.2d 105 (Fla. 5th DCA 1980).
[3] E.g., Knight v. State, 394 So.2d 997 (Fla. 1981); Meeks v. State, 382 So.2d 673 (Fla. 1980).
[4] Evidence as to a second "victim" was permitted under the "Williams Rule." The defendant asserts the two victims were cohorts who attacked and robbed him, then fabricated the kidnap and rape accusations as a coverup.
[5] Marcum v. State, 341 So.2d 815 (Fla. 2d DCA 1977).
[6] Knight v. State, 394 So.2d 997 (Fla. 1981).