BARKETT, Judge.
Appellant, Johnny Williams, appeals the summary denial of his motion for post conviction relief under Florida Rule of Criminal Procedure 3.850.
The only ground proposed by appellant that can be considered by the trial court is the denial of effective assistance of *872 counsel. The remaining grounds could have been raised on direct appeal and, therefore, will not support a subsequent claim for collateral relief under Rule 3.850. Palmes v. State, 425 So.2d 4 (Fla.1983).
The trial court erred, however, in finding that appellant’s motion was legally insufficient. Rule 9.140(g), Florida Rules of Appellate Procedure, provides:
Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing, [emphasis added]
Appellant’s sworn allegations, which raised the possibility of ineffective assistance of counsel in connection with the defense of drug use at the time of the robbery for which appellant was convicted, entitled him to more than a summary denial of his motion. See, e.g., Vaught v. State, 442 So.2d 217 (Fla.1983). Because this record fails to meet the standard of Rule 9.140(g), Florida Rules of Appellate Procedure, we reverse and remand for an evidentiary hearing on appellant’s claim of ineffective assistance of counsel. In all other respects, the trial court’s order is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DOWNEY and WALDEN, JJ., concur.