COBB, Chief Judge.
The appellant, Lucious Lee Collier, filed a 3.850 motion for post-conviction relief based on his assertion of ineffective trial counsel. In support thereof, he enumerated eighteen purported failures of his defense counsel at trial.
The trial court summarily denied eviden-tiary hearing on the motion in a written order. Paragraph number 5 of that order sets out the trial court’s conclusions in regard to item number 17 of the defendant's complaints about his trial counsel— i.e., “Counsel committed the overt and grievous act of choosing the MOTHER of the State’s Attorney who filed the INFORMATION against (Collier) to sit on his jury.”
In its order, the trial court found:
5.
PERMITTING ASSISTANT PROSECUTOR’S MOTHER TO SIT ON JURY.
(Defendant’s motion, paragraph 17)
The allegation that trial counsel was deficient in permitting the mother of the assistant state attorney who signed the information (not the assistant state attorney who tried the case), without more, fails to show a substantial and serious deficiency measurably below the standard of competent counsel, or how defendant was prejudiced thereby, and thus fails to state a claim for relief. Brown, Crump, and Gulley, supra. Or it was a matter of trial strategy. Ferby, supra.
*85 The state’s response to this point on appeal is that Collier “has presented no evidence to suggest that (the assistant state attorney’s mother) would ipso facto be partial to the prosecution or unable to render a fair verdict....” The point on this appeal is that Collier was not afforded the opportunity to present evidence at all. Moreover, it seems to us that if the truth of this allegation is established, the state will be faced with an unenviable burden to show that leaving the prosecutor’s mother on the trial jury is an acceptable “matter of trial strategy.” It is difficult to imagine such a bizarre scenario this side of a Mel Brooks movie. Suffice it to say, an evidentiary hearing is required on this issue.
We also note that the state’s reliance on Muhammad v. State, 426 So.2d 533 (Fla. 1982), review denied, — U.S. -, 104 S.Ct. 199, 78 L.Ed.2d 174 (1983), and Ferby v. State, 404 So.2d 407 (Fla. 5th DCA 1981), in regard to allegations of failure to conduct adequate pretrial preparation is misplaced in light of the later case of Vaught v. State, 442 So.2d 217 (Fla.1983). See Williams v. State, 447 So.2d 442 (Fla. 5th DCA 1984). This issue, also, requires an evidentiary hearing under the instant allegations.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., J., concurs.
COWART, J., dissents with opinion.