COWART, Judge,
dissenting:
In Muhammad v. State, 426 So.2d 533 (Fla.1982), review denied, — U.S. -, 104 S.Ct. 199, 78 L.Ed.2d 174 (1983), the Florida Supreme Court approved the denial without an evidentiary hearing of a 3.850 motion claiming ineffective assistance of counsel as to numerous specific acts or omissions asserted to constitute deficiencies of trial counsel because some of the acts or omissions were rebutted by the trial record itself, some showed a lack of prejudice, and the others were not sufficiently definite or were otherwise facially insufficient. Muhammad cited with approval McNeal v. State, 409 So.2d 528 (Fla. 5th DCA), rev. denied, 413 So.2d 876 (Fla. 1982), and Ferby v. State, 404 So.2d 407 (Fla. 5th DCA 1981). Vaught v. State, 442 So.2d 217 (Fla.1983), did not overrule Muhammad but found that the adequately alleged acts and omissions of trial counsel were not shown by the record to be rebutted or harmless. In fact, Vaught specifically distinguished Muhammad:
Neither do we feel that the record negates a claim of prejudice. Our case of Muhammad v. State, 426 So.2d 533 (Fla. 1982), does not mandate a contrary result. In Muhammad we held that the factual allegations contained in the motion, even if proven, were insufficient to establish a claim of ineffective assistance of counsel. We cannot make that finding here, (emphasis supplied) 442 So.2d at 219.
Vaught is not applicable to the instant case because here the trial court’s ruling as to the claim of inadequate pretrial preparation was not based on rebuttal by the record but on the insufficiency of this allegation on its face. Unlike the 3.850 motion in Vaught, the motion in this case did not allege the specific evidentiary matters to which the alleged inadequate pretrial preparation related. Thus the trial court properly ruled that “A bare assertion in a post-conviction relief motion that counsel failed to depose witnesses does not constitute a ground for relief. Ferby, supra; Messer v. State [439 So.2d 875 (Fla.1983) ].” The trial court’s citation to Messer was especially appropriate in view of the Florida Supreme Court’s holding in that case that “the simple assertion that there were no depositions taken does not qualify as an identification of a specific omission” (emphasis in the original) and therefore “[t]his assertion does not even satisfy the first step of the four-step Knight[1] test.” 439 So.2d at 877. The mere allegation that defense counsel *86 chose the mother of the assistant state attorney who signed the information to sit on the jury is facially insufficient in the absence of affirmative allegations of fact demonstrating actual prejudice (State v. Bucherie, 468 So.2d 229 (Fla.1985) unless it is to be held as a matter of law that use as a juror of the mother of an assistant state attorney who signed informations is legally harmful per se.

. Knight V. State, 394 So.2d 997 (Fla.1981). Interestingly, Muhammad is actually Knight, he just changed his name.