PER CURIAM.
Appellant argues in this appeal from summary denial of his motion for post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure, ineffective assistance of counsel, denial of a fair trial, *2 and deprivation of due process and equal protection. With the exception of two circumstances alleged to have constituted ineffectiveness of trial counsel, we find no merit in appellant’s motion.
As grounds for a finding of ineffective assistance of trial counsel, it is alleged that defense counsel failed to move for judgment of acquittal at the close of the evidence as required by rule 3.380, Florida Rules of Criminal Procedure. It is further alleged that defense counsel failed to depose a defense witness possessed of information that might have exonerated appellant. In each of these instances the trial court erred in denying the motion without either conducting an evidentiary hearing on the claim or attaching to its order denying the motion the relevant portions of the case file or record to show that the claim was without merit. Williams v. State, 447 So.2d 442 (Fla. 5th DCA 1984). If an evi-dentiary hearing is necessary, consideration of the claim of ineffective assistance of counsel will be guided by the standards established by Knight v. State, 394 So.2d 997 (Fla.1981).
REVERSED and REMANDED for further appropriate proceedings.
HERSEY, C.J., and DELL and GUNTHER, JJ., concur.