410 So.2d 500 (1982)
William Lee THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 61164.
Supreme Court of Florida.
February 11, 1982.
Harold Solomon, Sp. Asst. Public Defender of Solomon & Mendelow Law Offices, Miami Springs, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for the State.
PER CURIAM.
This is an appeal from a denial of collateral relief brought under Rule of Criminal Procedure 3.850. Appellant was adjudicated guilty of first-degree murder, following his second plea of guilty to that offense, and was sentenced to death. This Court affirmed. Thompson v. State, 389 So.2d 197 (Fla. 1980). Prior to that decision, we allowed appellant to withdraw his first plea of guilty. See Thompson v. State, 351 So.2d 701 (Fla. 1977). Although this is the first application for collateral relief, it is the third time this cause has been before this Court. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and affirm, finding that the trial court properly denied relief.
As stated in detail in our second opinion, appellant was sentenced to death for his part in the brutal torturing and slaying of a female victim, in which we determined appellant was the dominant force. See 389 So.2d 197. In this proceeding, appellant contends that his codefendant, Rocco James Surace, forced him to take the full blame for the murder and that, contrary to appellant's testimony at Surace's trial, Surace was the moving force in the torture-murder. Appellant also argues that his death sentence is inappropriate because Surace received a life sentence. See Surace v. State, 378 So.2d 895 (Fla. 3d DCA 1980). Appellant contends Gafford v. State, 387 So.2d 333 (Fla. 1980), and Slater v. State, 316 So.2d 539 (Fla. 1975), require a reduction of his sentence to life imprisonment to make the sentences consistent and not disparate.
The record is clear that appellant testified under oath at codefendant Surace's trial and took the full blame for the murder. It is apparent that his testimony resulted in Surace's conviction of only second-degree murder. Thompson claims in his statement for collateral relief that "[t]he whole testimony at [Surace's] trial was the end product of [Surace's] coaching. I wouldn't have said any of it if I wasn't scared that he would either kill me himself or have someone else do it." The statement is signed by appellant as "true to the best of my memory." Appellant offers no evidence, other than his present statement, to establish that his testimony at Surace's trial was the product of coercion. We find that this statement recanting his sworn in-court testimony, standing alone in the manner it is presented, is insufficient to justify an *501 evidentiary hearing for collateral relief, particularly where that testimony goes toward the issue of dominance which was fully litigated in the second full appeal before this Court.
Collateral relief proceedings may not be used as a vehicle to raise, for the first time, issues that the petitioner could have raised during the initial appeal on the merits, nor may they be used to retry issues previously litigated on direct appeal. Barclay v. State, 408 So.2d 1020 (Fla. 1981); Hargrave v. Wainwright, 388 So.2d 1021 (Fla. 1980); Witt v. State, 387 So.2d 922 (Fla. 1980). On this record, no evidentiary hearing was required. We conclude the trial court properly determined that appellant is not entitled to any relief as a matter of law. Graham v. State, 372 So.2d 1363 (Fla. 1979); Spenkellink v. State, 350 So.2d 85 (Fla. 1977); State v. Weeks, 166 So.2d 892 (Fla. 1964); see Spinkellink v. Wainwright, 578 F.2d 582 (5th Cir.1978).
We affirm the trial court's denial of collateral relief. No motions for rehearing will be entertained.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.