439 So.2d 875 (1983)
Charles Dwight MESSER, Jr., Appellant,
v.
STATE of Florida, Appellee.
Charles Dwight MESSER, Jr., Petitioner,
v.
Louie L. WAINWRIGHT, Etc., et al., Respondents.
Nos. 64346, 64347.
Supreme Court of Florida.
October 12, 1983.
*876 David Ackerman, Pensacola, and Louis Dugas, Orange, Tex., for appellant/petitioner.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee/respondents.
BOYD, Justice.
These cases are before the Court on appeal of the denial of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 (case no. 64,346) and upon a petition for writ of habeas corpus (case no. 64,347). Appellant-petitioner Charles Dwight Messer, Jr., is a state prisoner under sentence of death. In conjunction with the appeal and petition filed herein, Messer has moved for a stay of his scheduled execution.
Messer was convicted of the robbery and intentional murder of Henry Fowler. The *877 crimes were committed in 1973. The trial court imposed a sentence of death. On appeal, this Court affirmed the convictions of murder and robbery but, finding error in the sentencing process, vacated the sentence of death and ordered a new sentencing proceeding with a new jury. Messer v. State, 330 So.2d 137 (Fla. 1976). Messer was again sentenced to death, and the appellate jurisdiction of this Court was again invoked for review of the sentence. During the pendency of the appeal, the Court remanded for a hearing on a question of procedural due process at the sentencing proceeding. Principles arising from Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), were the basis of the Court's concern. Messer v. State, 384 So.2d 644, 645 (Fla. 1980) (on rehearing). With receipt of the trial court's findings on the Gardner issue, the appellate jurisdiction of this Court resumed. Thereafter the Court affirmed Messer's sentence of death. Messer v. State, 403 So.2d 341 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2259, 72 L.Ed.2d 863 (1982).

Rule 3.850 Appeal
Appellant contends that the trial court erred in denying his motion to vacate his judgment and sentence because he established that he was denied the right of effective assistance of legal counsel at his trial. In Knight v. State, 394 So.2d 997 (Fla. 1981), we announced the test for judging such a contention. One making such a challenge must first identify a specific overt act or omission upon which the argument is based. Then the claimant must show that the act or omission was a substantial and serious deficiency measurably below the standard of performance expected of competent attorneys. Having established a specific act or omission amounting to such a serious and substantial deficiency, the claimant must then establish that, but for the serious and substantial deficiency, the outcome of the proceedings probably would have been different. If the claimant establishes these three factors, then the fourth step of the Knight test comes into play: the showing must withstand the state's rebuttal which is achieved by proving beyond a reasonable doubt that there was no prejudice in fact. Armstrong v. State, 429 So.2d 287, 290 (Fla. 1983).
Appellant contends that his original trial counsel was defective in not presenting a closing argument to the jury. Appellant argues that counsel was ineffective in that the failure to argue to the jury was tantamount to an admission of guilt. Based on the testimony below and the original trial record, we conclude that counsel's waiver of argument was a reasonable tactical decision under the circumstances. Because of the substantial evidence of appellant's involvement in the robbery and murder, trial counsel chose to submit the question of guilt or innocence, and the question of degree of guilt, to the jury without argument. By this tactic counsel was able to deprive the prosecuting attorney of the opportunity to present a rebuttal argument. Defense counsel could have reasonably decided (and did so, according to his testimony below) that it would be better for his client's case to submit the issue to the jury without argument than to allow the prosecutor the final opportunity to comment to the jury on what the evidence showed. Thus defense counsel was not admitting that his client was "guilty as charged," as is argued by appellant.
Appellant points out that his original trial defense counsel did not take any discovery depositions prior to trial. This assertion does not even satisfy the first step of the four-step Knight test. In order to characterize the lack of depositions as a specific omission, the appellant would have to identify a specific evidentiary matter to which the failure to depose witnesses would relate. If a specific matter upon which there was a lack of pre-trial discovery were identified, then it would be appropriate to proceed to the second step of the Knight test. But the simple assertion that there were no depositions taken does not qualify as an identification of a specific omission. Therefore appellant's reliance on the lack of discovery depositions affords him no relief.
*878 Appellant makes numerous references to defense counsel's performance at the sentencing phase of the trial in 1974. As was noted above, on appeal to this Court appellant was awarded a new trial on the question of sentencing. The basis of the Court's decision was that the trial court had erred in refusing to allow defense counsel to present certain matters to the jury. Messer v. State, 330 So.2d 137, 141-43 (Fla. 1976). Appellant's present sentence of death was imposed after a second sentencing trial so any questions concerning defense counsel's effectiveness at the first sentencing proceeding have become moot.
Several other suggestions in appellant's brief concerning defense counsel's performance, to the extent that they identify specific omissions or overt acts, have nevertheless failed to establish serious and substantial deficiencies measurably below the standard expected of competent counsel.
Appellant argues that statements in the trial court's order denying his motion, referring to the trial judge's experience and qualifications in criminal law and procedure, constituted testimony by the trial judge on issues of fact. Appellant says this violated judicial ethics and denied him the right of cross-examination, and therefore was reversible error. We find this argument to be without merit.
Appellant presents several other arguments pertaining to the validity of his conviction and sentence. They are all issues which would have been appropriate for argument on appeal of the judgment and sentence but which are not cognizable in this proceeding. See Palmes v. State, 425 So.2d 4 (Fla. 1983); Thompson v. State, 410 So.2d 500 (Fla. 1982).
Having found no error, we affirm the trial court's order denying appellant's motion for post-conviction relief under rule 3.850.

Habeas Corpus
Petitioner claims that he received ineffective assistance of counsel in the handling of his appeal to this Court. Specifically petitioner argues that his appellate counsel failed to argue that two prospective jurors were erroneously excluded for cause from serving on the jury because of their views on the death penalty in violation of the United States Supreme Court's pronouncement in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) Petitioner claims that because the two prospective jurors had not made it unequivocally clear that they could not, because of their views on capital punishment, be impartial in determining guilt, they should not have been excluded for cause. Petitioner concludes that his conviction is invalid by virtue of his having been tried by a tribunal organized to return a verdict of death.
We need not reach the merits of petitioner's argument because even if there had been error under Witherspoon at the first sentencing trial, petitioner would not be entitled to relief. The jury venire members petitioner refers to were excused from sitting on the jury at his trial in 1974 at which petitioner was convicted and sentenced to death. As has been stated above, however, on appeal this Court affirmed the conviction but remanded for resentencing before a new jury. Messer v. State, 330 So.2d 137 (Fla. 1976).
Because petitioner received a new sentencing hearing, he has no grounds for complaining about a Witherspoon violation with respect to the first sentencing jury. For in Witherspoon, the Supreme Court specifically stated that their holding does not "render invalid the conviction, as opposed to the sentence, in this or any other case." 391 U.S. at 522 n. 21, 88 S.Ct. at 1777 n. 21 (emphasis in original). Hence even if petitioner were correct in his allegations that prospective jurors were erroneously excused, he would not be entitled to have his conviction set aside, and any impact the alleged error had on his sentence has become moot since a second sentencing proceeding was held.
Petitioner also argues that he was denied due process on the ground that this Court failed to conduct "proportionality" review of his sentence. In support of this argument petitioner points out that in approving *879 his death sentence, this Court did not specifically compare his case with other death penalty cases. We find this argument to be without merit. We have previously expressly held that "our review process is to ensure relative proportionality among death sentences which have been approved statewide" and that we must "compare the case under review with all past capital cases to determine whether or not the punishment is too great." Brown v. Wainwright, 392 So.2d 1327, 1331 (Fla. 1981). We reject the assertion that in our written opinion we must explicitly compare each death sentence with past capital cases. In our previous review of petitioner's sentence we found that there was sufficient evidence to support the trial judge's findings, that the weighing process was properly carried out, and that the death sentence was appropriate under principles of proportionality. Habeas corpus is not a vehicle for obtaining a second determination of matters previously decided on appeal. Therefore we will not consider petitioner's argument that this Court's previous consideration of his sentence did not comport with due process of law.
We deny the petition for writ of habeas corpus.
Having determined that the order appealed shall be affirmed and the habeas corpus petition denied, we also deny the prisoner's request for a stay of execution. No motion for rehearing shall be entertained.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.