460 So.2d 362 (1984)
Timothy C. PALMES, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary of the Florida Department of Corrections, Respondent.
Timothy C. PALMES, Appellant,
v.
STATE of Florida, Appellee.
Nos. 66099, 66105.
Supreme Court of Florida.
November 2, 1984.
*364 Tom McCoun of Louderback, McCoun & Helinger, St. Petersburg, for petitioner/appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Miami, for respondent/appellee.
BOYD, Chief Justice.
Timothy C. Palmes, a state prisoner under sentence of death, has filed a petition for writ of habeas corpus with this Court and an appeal of the denial, by the circuit court in which he was tried and sentenced, of his motion to set aside judgment and sentence under Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const. In connection with these two proceedings, he seeks a stay of the scheduled execution of sentence. Because we find that the matters raised in the petition and the appeal can be satisfactorily resolved on an expedited basis, we deny the motion for stay of execution. We deny the petition for habeas corpus and affirm the denial of post-conviction relief.
Palmes was convicted of murder in the first-degree and was sentenced to death. On appeal, this Court affirmed both the conviction and the sentence. Palmes v. State, 397 So.2d 648 (Fla. 1981). The United States Supreme Court denied Palmes' petition for review of the judgment. Palmes v. Florida, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). Later Palmes returned to the court in which he was tried and sentenced and sought to have his conviction and sentence set aside pursuant to rule 3.850. The court denied relief and this Court affirmed its judgment. Palmes v. State, 425 So.2d 4 (Fla. 1983). Palmes also sought to challenge his conviction and sentence in federal court. A United States District Court found no ground to interfere with our state court's judgment, and this decision was affirmed on appeal. Palmes v. Wainwright, 725 F.2d 1511 (11th Cir.), cert. denied, ___ U.S. ___, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984).

Habeas Corpus
In his habeas corpus petition, Palmes asserts that in deciding his original appeal this Court failed to provide proportionality review to ensure that his sentence of death was appropriate. Specifically he argues that the state's chief witness against him was equally as guilty of the murder as he was and that her immunization from prosecution constituted such a disparity of treatment of equally guilty accomplices as to violate the principle of proportionality.
In essence this argument asks us to reconsider a matter that was raised and resolved when Palmes' original appeal was decided by this Court. As we said when we denied relief on his previous post-conviction motion, the original affirmance of the sentence of death implicitly found the sentence appropriate to the crime under proportionality principles. See Sullivan v. State, 441 So.2d 609 (Fla. 1983); Booker v. State, 441 So.2d 148 (Fla. 1983); Messer v. State, 439 So.2d 875 (Fla. 1983).
Petitioner's argument misapprehends the function of proportionality review. Proportionality review compares the sentence of death with other cases in which a sentence of death was approved or disapproved. Disparate treatment of accomplices which may be a ground of mitigation is an entirely separate matter. Prosecutorial discretion in the granting of immunity for the purpose of investigating and obtaining testimony about crimes does not render death sentences imposed on convicted persons arbitrary. Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). Moreover, *365 although the evidence given by the witness would have shown her to be an aider and abettor had she been charged, it also showed that she did not wield a murder weapon and was not present at the scene of the murder. Therefore petitioner's premise of equal culpability is without basis in law or fact.

Rule 3.850 Appeal
Palmes' motion to set aside judgment and sentence raises four issues concerning his trial and sentencing. Among the four, three of the contentions refer to alleged errors which, even if meritorious, would be ordinary procedural errors which must be raised on appeal if they are to be raised at all. E.g., Messer v. State, 439 So.2d 875 (Fla. 1983); Thompson v. State, 410 So.2d 500 (Fla. 1982). The three issues falling into this category are: (1) whether a juror with conscientious scruples against capital punishment was improperly excused after the trial was delayed due to the juror becoming ill; (2) whether the trial court deprived appellant of his right to a public trial in closing the courtroom to the public during the testimony of a seven-year-old witness for the state; and (3) whether the practice of instructing the jury on the legal definitions of all degrees of homicide violated the eighth amendment on the ground that it is conducive to arbitrary results.
None of these three issues calls into question the fundamental fairness of the trial, the reliability of the determination of guilt, or the propriety of the sentence of death. There was no objection at trial to the dismissal of the juror who had become ill, and no indication that the views she expressed during voir dire had anything to do with her dismissal. There was no objection to closure of the trial during the testimony of the very young witness, and appellant has cited no authority showing that such a limited deviation from the principle of open trial violates his constitutional rights. Instructing the jury on all the lesser included offenses of first-degree murder regardless of the evidence could only have benefitted appellant; the fact that such a practice might lead to improper jury pardons for other offenders just as guilty of capital murder as appellant was provides no ground to relieve him of his conviction or sentence.
Appellant's remaining argument is that before trial the state withheld information that would have been helpful to the defense. Unlike the three previously waived contentions discussed above, a properly made out claim of suppression of evidence is usually considered a fundamental matter that can be raised by collateral challenge to a conviction. On the merits of appellant's claim, however, we find it to be completely without merit.
Appellant says that the state not only granted immunity to the witness previously referred to, but also used promises of special assistance and a threat to deprive her of custody of her child in order to induce her to testify and that these threats and promises were not disclosed to the defense before trial. The defense had full opportunity to impeach the witness on the ground of her participation in the crime and her immunity from prosecution. Appellant argues that the existence of the alleged threats and promises would have given him additional material for attacking the credibility of the witness.
We find that the information, even if factually substantiated and not already known to the defense at the time of trial, fails the crucial test of "materiality" as expressed in United States v. Agurs, 427 U.S. 97, 112, 96 S.Ct. 2392, 2401, 49 L.Ed.2d 342 (1976). The information would only have added marginally to the defendant's ability to impeach the witness and was not material to the fundamental question of guilt or innocence. Failing the test of materiality, the issue does not present a question of fundamental error.
We therefore affirm the circuit court's denial of the motion for post-conviction relief.
As was indicated above, we also deny the petition for habeas corpus and deny the motion for stay of execution.
It is so ordered.
*366 ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.