# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3242

_____

| | | |
|---|---|---|
| Joe Willie Reed, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Larry Norris, Director, Arkansas | * | |
| Department of Correction, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 14, 1999

Filed: November 9, 1999

_____

Before WOLLMAN, Chief Judge, HEANEY, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Joe Willie Reed, a prisoner in the custody of the State of Arkansas pursuant to a conviction for rape and burglary, appeals from an order of the district court[1] denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Reed v. Norris, No. PB-C-95-699 (E.D. Ark. Jul. 31, 1998). This court granted a certificate of

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

appealability on whether: (1) the State used its peremptory challenges in violation of the Equal Protection Clause as construed in Batson; (2) trial counsel was ineffective in not properly presenting the Batson challenge to the trial court; and (3) appellate counsel was ineffective in not properly presenting the Batson point to the Supreme Court of Arkansas. We affirm.

When considering a state prisoner's habeas petition to determine whether circumstances mandate post-conviction relief, a federal court's review is limited to determining whether the conviction or sentence was imposed in violation of the Constitution, laws, or treaties of the United States. See Pruett v. Norris, 153 F.3d 579, 584 (8th Cir. 1998). In making this assessment, we presume state court findings to be correct unless it is apparent that there was some deficiency in the fact-finding process. See id.[2] We review the district court's factual findings for clear error and its legal conclusions de novo. See id.

Reed first argues that his trial counsel was ineffective in presenting a Batson challenge to the trial court. He contends that his counsel objected to the State's use of peremptory strikes to remove two blacks from the jury only at Reed's request and failed to challenge the subsequent erroneous finding by the trial court that the presence of one black remaining on the jury satisfied Batson. According to Reed, his counsel should have sought a ruling from the court as to whether Reed had established a prima facie case of discrimination under Batson.

---

[2]Although the substantive standard by which federal courts review state court determinations of law under section 2254 was altered by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1218-21 (April 24, 1996), these changes do not apply to this appeal because Reed filed his habeas petition in 1995, before the effective date of the Act. See Pruett,153 F.3d at 584 n.6; Carter v. Hopkins, 151 F.3d 872, 874 n.6 (8th Cir.), cert. denied, 119 S. Ct. 524 (1998).

The district court found that Reed had not presented this particular ineffective assistance claim to the state courts and was thus procedurally barred from raising it in this federal habeas petition.[3] We need not belabor the point of whether Reed has previously raised an ineffective assistance claim on the <u>Batson</u> point he now argues because, even assuming there were no procedural obstacle, we find that Reed's claim that counsel failed to press the <u>Batson</u> point at trial does not rise to the level of constitutional error. See <u>Evans v. Lock</u>, No. 98-2810, 1999 WL 800016, at *2 (8th Cir. Oct. 8, 1999).

To prevail on an ineffective assistance of counsel claim, a defendant must show both that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced by that deficient performance. See <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Prejudice exists only when there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. We find it unnecessary to discuss the reasonableness of counsel's conduct because, given the overwhelming evidence of Reed's guilt presented at trial, we find that it would be impossible for him to demonstrate prejudice under <u>Strickland</u>.[4] See <u>Strickland</u>, 466 U.S. at 697 ("[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed"). For the same reasons, we reject Reed's second claim that trial counsel's failure to request a

---

[3]The district court noted that Reed had asserted a claim that his counsel erred by agreeing that the State could use peremptory challenges to remove blacks from the jury as long as one black remained, in his motion for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. It found this claim to be different, however, from Reed's current claim that his counsel had failed to preserve and present on appeal the <u>Batson</u> issue.

[4]A detailed account of the facts underlying Reed's conviction is set forth in <u>Reed v. State</u>, No. CR 87-28, 1987 WL 14075 (Ark. July 20, 1987).

prima facie ruling also deprived him of the effective assistance of appellate counsel by preventing him from properly presenting the <u>Batson</u> issue on appeal to the Arkansas Supreme Court.

We finally turn to Reed's third claim that the State used its peremptory challenges in violation of <u>Batson</u>. Specifically, Reed states in his brief that whether there has in fact been a <u>Batson</u> violation is uncertain from the record "because of an incorrect ruling by the trial court and inaction on the part of petitioner's counsel." We find this claim to be nothing more than a rehashing of Reed's ineffective assistance of counsel claims cloaked in the rubric of a purported <u>Batson</u> violation by the State. We therefore reject this claim on the same grounds as the ineffective assistance claims.

For the foregoing reasons, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.