# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1185SI

_____

| | | |
|---|---|---|
| Charles E. Robinson, | * | |
| | * | On Appeal from the United |
| Appellant, | * | States District Court |
| | * | for the Southern District |
| v. | * | of Iowa. |
| | * | |
| Herb Maschner, | * | [Not To Be Published] |
| | * | |
| Appellee. | * | |

_____

Submitted: March 2, 2001
Filed: March 13, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

An Iowa jury found Charles E. Robinson guilty of murder in the first degree and attempt to commit murder. The evidence at trial established that on January 16, 1987, Robinson went to the home of Joe Coon in Des Moines to discuss a drug matter. Robinson shot Coon and Mario Burkhalter, who was visiting Coon at the time. Coon died as a result of his injuries; Burkhalter was taken to the hospital and treated for life-threatening but ultimately non-fatal injuries.

After an unsuccessful appeal, see State v. Robinson, No. 87-1105 (Iowa Ct. App. July 27, 1988), Robinson sought and was denied state postconviction relief, see Robinson v. State, No. 95-0638 (Iowa Ct. App. Mar. 28, 1997) (per curiam). Following a hearing, the Iowa courts rejected Robinson's argument that his trial counsel had been ineffective in failing to depose the State medical examiner, Dr. Thomas Bennett, who changed his pretrial opinion about the nature of one of Burkhalter's bullet wounds, and in failing to call witnesses who would have testified as to Coon's violent character.

Robinson then filed the instant 28 U.S.C. § 2254 habeas petition, again asserting claims of ineffective assistance of counsel stemming from counsel's failure to depose Dr. Bennett and to call witnesses to testify about the victim's violent nature. The District Court[1] denied relief, and Robinson appeals.

Upon de novo review, see Forest v. Delo, 52 F.3d 716, 721 (8th Cir. 1995), we agree with the District Court that Robinson's ineffective-assistance claims are unavailing, for want of a showing of deficient performance and prejudice to Robinson. See Strickland v. Washington, 466 U.S. 668, 693 (1984). Trial counsel effectively cross-examined Dr. Bennett, and the state postconviction court credited counsel's testimony that Robinson did not mention the names of witnesses other than one individual who could not be located. See 28 U.S.C. § 2254(e)(1) (state court's determination of fact issues presumed correct); Reed v. Norris, 195 F.3d 1004, 1006 (8th Cir. 1999) (where evidence of guilt is overwhelming, it may be impossible to demonstrate prejudice); Messer v. State, 834 F.2d 890, 896-97 (11th Cir. 1988) (affirming finding that defense counsel's failure to depose pathologist was not ineffective, where there was no reason to suppose that doing so would have helped defendant's case, and counsel carefully cross-examined him about equivocal opinion).

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-