# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2312

_____

Cord R. Christenson,       *
             *
    Appellant,      * Appeal from the United States
             * District Court for the Southern District
   v.         * of Iowa
             *
John R. Ault, II,       *
             *
    Appellee.      *

_____

Submitted: January 15, 2010
Filed: March 23, 2010

_____

Before GRUENDER and SHEPHERD, Circuit Judges, and LANGE[1], District Judge.

_____

LANGE, District Judge.

_____

[1]The Honorable Roberto A. Lange, United States District Court for the District of South Dakota, sitting by designation.

Cord R. Christenson ("Christenson") appeals the holding of the United States District Court for the Southern District of Iowa,[2] which denied his application for a writ of habeas corpus under 28 U.S.C. § 2254 on the grounds that (1) he did not receive ineffective assistance of counsel when trial counsel declined to present evidence based on certain crime scene photographs, and (2) his claims under Brady v. Maryland, 373 U.S. 873 (1963), were procedurally barred. For the reasons set forth below, we affirm the judgment of the district court.

I.  Factual Background

On August 28, 1998, a jury found Christenson guilty of first-degree kidnapping, first-degree burglary, and second-degree sexual abuse, in violation of Iowa Code §§ 710.1, 710.2, 713.1, 709.1, and 709.3, in connection with the rape and abduction of Rebecca Lyons on February 4, 1998, in Des Moines, Iowa. The Iowa district court sentenced Christenson to life in prison on the kidnapping charge and to a period not to exceed 25 years on the burglary and sexual abuse charges, with the sentences running concurrently.

During the trial, the State of Iowa presented overwhelming evidence of guilt. Christenson and Lyons had a short-term relationship beginning in the summer of 1995, which Lyons chose not to continue. In mid-September 1996, Christenson broke into Lyons' home in Des Moines, Iowa and Lyons awoke to find Christenson's arm around her neck in a choke hold. Lyons eventually defused that episode by calming Christenson down and calling police. Following the incident, Christenson pled guilty

---

[2]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa, adopting the report and recommendation of the Honorable Ross A. Walters, United States Magistrate Judge for the Southern District of Iowa.

to a reduced charge of second-degree burglary. The court entered an order against Christenson barring him from further contact with Lyons.

On February 4, 1998, Christenson violated the protective order by again breaking into Lyons' home while she was away. When Lyons returned, Christenson put her in a headlock and zapped her multiple times with a stun gun around her neck and left hip. He later brandished a knife, bound her left wrist to his right wrist with plastic zip-ties, and raped her. Lyons testified that after Christenson removed the zip-ties, Lyons attempted to subdue him with pepper spray and mace, which led to an altercation in which a chair was broken. Christenson then commanded Lyons to drive him to Mexico so that he could evade outstanding warrants in the United States. He instructed Lyons to remove her child from school and to bring the child along for the ride. Christenson had Lyons drive him to Kansas City, Missouri, to board a Greyhound bus. Once free of Christenson, Lyons drove back to Des Moines with her child and reported the incident to police.

The State also introduced evidence of the injuries Lyons sustained during Christenson's attack. Injuries included a bruise on her wrist from the zip-tie, bruises on her left buttock and right hip and a scratch on her forearm from the altercation after she had sprayed Christenson with mace, and marks on her neck and left hip from the stun gun.

On direct appeal, the convictions for first-degree kidnapping and first-degree burglary were affirmed, while the conviction for second-degree sexual abuse was vacated because it should have been merged with the kidnapping conviction. The Iowa Supreme Court denied Christenson's application for further review on August 3, 2000.

On August 1, 2001, Christenson filed a pro se application for post-conviction relief ("PCR") in state court. Counsel was appointed, an evidentiary hearing was held, and on June 14, 2004 the PCR court denied his application. The Iowa Court of Appeals affirmed the PCR ruling on July 13, 2005. Christenson sought review before the Iowa Supreme Court, which was denied.

Christenson then filed a timely Petition for Writ of Habeas Corpus on October 19, 2005. In the habeas action, Christenson for the first time claimed under Brady v. Maryland, 373 U.S. 873 (1963), that the State violated his due process rights by failing to timely disclose exculpatory evidence relating to the victim's telephone lines. At trial, the State presented evidence suggesting that Christenson cut or disconnected the victim's phone lines prior to kidnapping her. The victim testified that before she was attacked by Christenson, she attempted to place a phone call to her sister, but she could not receive a dial tone on her home telephones. In his testimony, Christenson denied cutting the victim's phone lines.

Several months after trial, Christenson's sister purchased a complete set of photographs pertaining to the prosecution, including photographs taken by Des Moines police technician Lynn Sprafka of the victim's basement telephone line. Christenson contends that the photographs show the telephone line to be disconnected at the time Sprafka was in the basement, suggesting they had been tampered with by the victim prior to another photographing officer's arrival.

The district court, adopting the Report and Recommendation of the Magistrate Judge, denied and dismissed Christenson's petition. Christenson appealed to this court.

## II. Standard of Review

We review a federal district court's conclusions of law *de novo* and its findings of fact for clear error.  Forsyth v. Ault, 537 F.3d 887, 890 (8th Cir. 2008).  No findings of fact have been preserved for challenge.

Under 28 U.S.C. § 2254(d), when a state court has adjudicated a claim on the merits, habeas corpus will not be granted unless the state court adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

If the state court decision fits within the first ground, the federal court then "must apply Brecht's harmless-error analysis, unless the error was a structural defect in the trial that defies harmless-error analysis."  Chang v. Minnesota, 521 F.3d 828, 832 (8th Cir. 2008) (citing Brecht v. Abrahamson, 507 U.S. 619, 629 (1993), cert denied 129 S. Ct. 314 (2008)).  Under Brecht, habeas relief is proper only if the claimed error had a substantial and injurious effect or influence in determining the jury's verdict.  Id.  A "substantial and injurious effect" occurs when a court finds itself in "grave doubt" about the effect of the error on the jury's verdict.  Id.  "[G]rave doubt" exists when the issue of harmlessness is "so evenly balanced that [the court] feels [itself] in virtual equipoise as to the harmlessness of the error."  Id.

We presume factual determinations by state courts - trial and appellate - to be correct and binding in a section 2254 action if fairly supported by the record, unless rebutted by clear and convincing evidence of error.  28 U.S.C. § 2254(e)(1).

# III. Discussion

## A. The Brady Challenge

Christenson contends that the failure of the police and prosecutor to disclose the telephone line photographs violated his rights under the rule in Brady that "due process is violated where the state suppresses evidence that is favorable to the accused and is material to the issue of guilt or punishment." Mark v. Ault, 498 F.3d 775, 783 (8th Cir. 2007) (citing Brady, 373 U.S. at 87). On the other hand, Christenson concedes that the alleged exculpatory photographs have never been presented to any Iowa court as a Brady issue, despite the availability of an Iowa state procedure to do so. Iowa provides the following procedure:

> "The court may grant a new trial . . . [w]hen the defendant has discovered important and material evidence in his or her favor since the verdict, which the defendant could not with reasonable diligence have discovered and produced at the trial. A motion based upon this ground shall be made without unreasonable delay and, in any event, within two years after final judgment, but such motion may be considered thereafter upon a showing of good cause."

Iowa R. Crim. P. 23(2)(b)(8)(1996) (now found at Iowa R. Crim. P. 2.24(2)(b)(8)); see State v. Romeo, 542 N.W.2d 543, 550-51 (Iowa 1996) (quoting rule and addressing a Brady issue on a new trial motion).

PCR counsel never brought a Brady claim during the PCR proceedings based on the non-disclosure of the photographs. Rather, PCR counsel only raised the non-disclosure in the context of a claim that trial counsel was ineffective for failing to investigate and discover the photographs. In his pro se PCR application, Christenson did bring a claim of prosecutorial misconduct based on the prosecutor allegedly

-6-

withholding exculpatory evidence concerning the telephone lines. However, Christenson did not appeal the denial of that claim to the Court of Appeals of Iowa.

A <u>Brady</u> claim will not result in habeas relief unless "applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Christenson concedes that he never presented his <u>Brady</u> claim to any Iowa court. Consequently, his <u>Brady</u> claim is procedurally defaulted. <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 366 (1995) (If a habeas petitioner wishes to challenge an evidentiary ruling, "he must say so, not only in federal court, but in state court."); <u>McCall v. Benson</u>, 114 F.3d 754, 757 (8th Cir. 1997) ("a federal court may usually only consider those claims which the petitioner has presented to the state court") (internal citations omitted). Christenson's default may not be overcome by an ineffective assistance of his PCR counsel, because "there is no federal constitutional right to the effective assistance of post-conviction counsel." <u>Clay v. Bowersox</u>, 367 F.3d 993, 1005 (8th Cir. 2004) (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991); § 2254 (I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Because Christenson's <u>Brady</u> claim is procedurally defaulted, the Court need not reach the merits of the claim. Nevertheless, Christenson could not establish a violation of <u>Brady</u>, which requires defendants to demonstrate that the evidence was: (1) suppressed; (2) exculpatory; and (3) material to guilt. <u>Brady</u>, 373 U.S. at 87-88. The Magistrate Judge noted that the photographs at issue were taken "at different angles and at different distances from the lines making it difficult to make any definitive conclusions about differences between the two sets as they relate to the condition of the telephone and the water utility lines." <u>Christenson v. Burt</u>, No. 4:05-cv-571-HDV-RAW, at 17 n.5 (S.D. Iowa 24 Dec. 2008). The photographs, which depict the telephone lines from a considerable distance, at most raise a question about

whether the lines were disconnected at the time of the taking of the Sprafka photographs. The overwhelming evidence of Christenson's guilt renders the photographs at issue immaterial in the constitutional sense. Kyles v. Whitley, 514 U.S. 419, 434-45 (1995) (explaining that "materiality" means that the suppressed evidence "could reasonably be taken to put the whole case in a different light as to undermine confidence in the verdict").

B. Ineffective Assistance

The photographs discussed above also form the underlying basis of Christenson's ineffective assistance claim. Christenson alleged his trial counsel, Mr. McCarthy, was ineffective because he failed to independently investigate and discover the existence of the allegedly exculpatory Sprafka photographs. McCarthy said that he received a copy of all of the photographs from the County Attorney's office and showed them to Christenson. In the habeas proceeding, the district court, adopting the Report and Recommendation of the Magistrate Judge, denied the ineffective assistance claim, concluding that Christenson could not show a breach of duty or prejudice as to the claim.

Proving ineffective assistance of counsel requires a showing that: (1) trial counsel breached a professional duty, and (2) prejudice resulted. Strickland v. Washington, 466 U.S. 668, 696 (1984). Establishing prejudice requires Christenson to demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different. Id. at 694. Examination of the record reveals that trial counsel did not breach any professional duty in declining to independently investigate whether he received all photographs from the government. Additionally, no prejudice resulted from Christenson not introducing at trial the photographs at issue.

In this case, trial counsel had a professional duty to make a reasonable investigation or a reasonable decision regarding the unnecessariness of a particular investigation. Id. at 691 (". . .counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.").

The Magistrate Judge's Report and Recommendation addressed trial counsel's investigation of the allegedly exculpatory photographs. The record before the PCR court demonstrated that trial counsel received a copy of all available photographs from the County Attorney's office and showed them to Christenson, and the PCR court and Iowa Court of Appeals held trial counsel was not ineffective in relying on the prosecutor to turn over the photographs as part of the prosecutor's ongoing duty under Brady to disclose exculpatory photographs. (PCR Tr. at 87).

The Iowa Court of Appeals reasonably applied Strickland to this issue. Professional norms of client representation did not require trial counsel to independently verify that he had been provided with all of the photographs taken at the victim's residence. Absent any reason to believe that the prosecutor - who was under an obligation to turn over exculpatory evidence in his possession - had not been forthcoming, it was reasonable for the criminal defense attorney to rely on the completeness of the discovery materials produced by the prosecutor. Trial counsel was not incompetent for deciding that the photographs provided by the prosecutor comprised a full and fair evidentiary picture of the basement and telephone lines.

When there is overwhelming evidence of guilt presented, it may be impossible to demonstrate prejudice. Strickland, 466 U.S. at 700 ("Given the overwhelming aggravating factors, there is no reasonable probability that the omitted evidence would

have changed the conclusion."); see also Reed v. Norris, 195 F.3d 1004, 1006 (8th Cir. 1999) ("We find it unnecessary to discuss the reasonableness of counsel's conduct because, given the overwhelming evidence of [petitioner's] guilt presented at trial, we find that it would be impossible for him to demonstrate prejudice under Strickland."). Based on the trial record, demonstrating prejudice resulting from the alleged ineffective assistance would be impossible in this case.

Examination of the facts recounted by the Magistrate Judge reveals that the evidence of Christenson attacking, raping, and kidnapping the victim was overwhelming. The evidence demonstrated that Christenson had a long history of obsessive and assaultive behavior toward the victim, the victim had marks on her neck and hip from multiple stun gun attacks, the victim's home was in disarray following the incident, a chair near the victim's bed was broken during her struggle while being attacked and raped, the victim scrawled "Mexico" on her bathroom cabinet door in a desperate effort to try to alert someone to where Christenson said he was taking her, and the victim's child was forced along with her by Christenson. Given the nature and extent of incriminating evidence presented at trial, there is no reasonable probability that the result of the proceeding would have been different had trial counsel presented additional photographs arguably showing that the telephone lines may not have been disconnected.

For the foregoing reasons, we affirm the judgment of the district court.

_____